# BARRETT v. BARRETT.

## WILLS.

Where a testator, in the first clause of his will, gave personal bequests to his brothers and sisters and the daughter of a deceased sister; and, in the second clause, divided the residuum of his estate equally among his nephews and nieces and their heirs; and, in the third clause, stated that in case either of his brothers or sisters should not survive him he gave to his surviving nephews and nieces, excluding the one mentioned in the first clause, the share he or she would have received under the will, and in case he or she should not leave issue surviving the testator, his or her share should go to the others of the nephews and nieces or their children; and, in the fourth clause, it was provided that, if the niece mentioned in the first clause should not survive the testator, her share should go to her children, if any, otherwise, to the testator's nephews and nieces,— it was *held* that the daughter of a sister who predeceased the testator took her mother's share under the third clause of the will, against the contention of the other nephews and nieces that such share should be divided among all of them.

No. 3116. Submitted January 8, 1918. Decided February 4, 1918.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia construing a will. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a decree in the Supreme Court of the District of Columbia, construing the will of William Henry Barrett,

NOTE.—Authorities discussing the question of devise or bequest by implication are collated in notes in 15 L.R.A.(N.S.) 73, and L.R.A.1917A, 1213.

On effect of limitation over in case the person to whom property is given in the first instance dies without lineal descendants, issue, children, heirs of the body, etc., to give to his issue an interest by implication either by way of remainder, executory devise, or substitutional gift, see note in 51 L.R.A.(N.S.) 485.

late of the District, under the petition of the Union Trust Company as executor.

The material portions of the will are as follows:

"Item 1. After payment of my just debts, if any at the time of my decease, and my proper funeral expenses, I give and bequeath to my brothers and sisters, Levi S. Barrett, Mrs. Caroline L. Burnap, Mrs. Louisa C. Leathers, Mrs. Isabelle A. Bird, Edward W. Barrett, George F. Barrett, and my niece Dela P. Mussey, the sum of two thousand ($2,000) each from the first moneys coming into the hands of my executors.

"Item 2. All the rest, residue, and remainder of the property, real, personal, and mixed, of which I may die seized and possessed, both of what I now own and what I may hereafter acquire, and wherever situated or found, I give, bequeath, and devise to my nephews and nieces, Alonzo Barrett, Ensign Barrett, Mrs. Kate Hinman, Mrs. Carrie Purman, Mrs. Nellie B. Smyth, Mrs. Lula Barrett, Harrison J. Barrett, Henry Barrett, Levi Thomas, Henry Thomas, Isabelle Thomas, Lucina Barrett, James Barrett, Clifford Barrett, and William H. Mussey, and their heirs forever, to be divided between them, share and share alike.

"Item 3. If either of my brothers or sisters should not survive me, I give, bequeath, and devise to my nephews and nieces (not including Dela P. Mussey) surviving me, the share he or she would have received under this my will, and if he or she shall not leave issue surviving me, his or her share shall go to the others of my nephews and nieces or their children surviving me, to be divided between them equally, share and share alike.

"Item 4. If my niece Dela P. Mussey should not survive me, her share shall go to her children, if any; and if none surviving me, the share that would have come to her shall be equally divided between my nephews and nieces and her brother, William H. Mussey, share and share alike."

Dela P. Mussey is the surviving daughter of a sister of the testator who died before the will was written. The mother of appellee Lula Barrett also was a sister of the testator, and died after the will was written but before the death of the testator. Counsel for appellant, since the presentation of the case in this court, has filed a petition for certiorari for the purpose of

having it appear that there must have been other deceased brothers and sisters of the testator whose children are not mentioned in item 1. While we see no reason for the delay in filing this petition, we shall assume that there were such other brothers and sisters.

Lula Barrett claimed the legacy bequeathed to her mother, Louisa C. Leathers, while the other nephews and nieces claimed that under the provisions of item 3 that legacy should form a part of the residuum of the estate and be divided among all the surviving nephews and nieces. Thereupon the executor filed its petition, and the court sustained the contention of Lula Barrett.

*Mr. George P. Hoover* for the appellant.

*Mr. J. R. Shields, Mr. Thos. D. Schall,* and *Mr. C. B. Miller,* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Under item 1 of the will, which item is free from all ambiguity, the testator provided for his brothers and sisters, and, for reasons satisfactory to him, made the same provision for the daughter of a deceased sister. It is of no consequence that there may have been other nieces or nephews who then stood in the same relation to him as this legatee, since it was for him to say whether they should be recipients of his bounty. Having made specific provision in item 1 for his brothers and sisters and the daughter of a deceased sister, the testator in item 2 provided that the residuum of his estate should be divided among his other nieces and nephews. Realizing that all of his brothers and sisters might not survive him, the testator in item 3 undertook to dispose of the bequests to any who should not. The contention of appellant necessitates the division of item 3, *which is in one sentence,* into two parts, so that the words "he" or "she" in the first part shall refer to *brother* or *sister,* while the same words in the second part shall refer to *nieces* and *nephews.* We perceive no justification for resorting to such a strained construction. The item must be read as intended to be read; that

is, as a whole and in connection with the other provisions of the will. When so read the language is reasonably free from ambiguity; for it is provided that if a brother or sister predeceases the testator "the share he or she would have received" shall go "to my nephews and nieces" (not including Dela P. Mussey, who was made to represent her mother in item 1); "and if *he* or *she* (that is, a deceased brother or sister, and not "nephews and nieces") "shall not leave issue surviving me, his or her share shall go to the *others* of my nephews and nieces or their children surviving me." We entertain no doubt that it was the intent of the testator in this item to give the children of any deceased brother or sister mentioned in item 1 the same status that was given Dela P. Mussey; in other words, he allowed such children to take the share of a deceased parent. If a deceased brother or sister should leave no children surviving the testator, then the share of that brother or sister was to be divided among the other surviving nephews and nieces or their children. In item 4 the testator provides f. r the contingency of the prior decease of Dela P. Mussey. Items 3 and 4, therefore, both refer back to item 1 and cover the contingencies that were in testator's mind.

It will be observed that the bequests in item 1 are to surviving brothers and sisters and to the daughter of a deceased sister. There is no provision that, in the event any legatee should fail to survive the testator, his or her share should go to the heirs of that legatee; and, reading the item in connection with what follows, it is clear that it was the intent of the testator that it should not; for later on provision is made for such a contingency. In other words, the bequests in item 1 are personal bequests. In item 2, however, which deals with the residuum of the estate, the bequests are to the nephews and nieces there mentioned "and their heirs forever, to be divided between them share and share alike." In item 3 testator provides that the share of any deceased brother or sister mentioned in item 1 shall go to his or her children, and if there. are no such children "then to the others of my nephews and nieces or their children surviving me." That this was the intent of the testator is still further apparent when item 4 is read; for he

there provides for the contingency of the prior decease of Dela
P. Mussey, who in item 1 was given the same status as a sur-
viving brother or sister.   If she predeceased the testator her
bequest was to go not to other nephews and nieces, but "to her
children, if any;" and, if she died without children, then to the
other nephews and nieces.   In item 4, therefore, the testator
carries out the scheme of item 3 and makes his will complete
and harmonious.

The decree is affirmed, with costs.                   *Affirmed.*